UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ISLAMIC SOCIETY OF GREATER HOUSTON INCORPORATED, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:19-cv-3626 |
| CHURCH MUTUAL INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Church Mutual Insurance Company ("Church Mutual") hereby removes the action styled and numbered 2019-06044, currently pending in the 80th Judicial District Court, Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

## INTRODUCTION

1. On August 27, 2019, Plaintiff Islamic Society of Greater Houston Incorporated, ("Islamic Society") commenced this lawsuit by filing Plaintiff's Original Petition ("Petition") in the 80th Judicial District Court of Harris County, Texas.

2. The Petition names Church Mutual as the sole defendant. The lawsuit involves Islamic Society's claim for property damage under a property insurance policy issued by Church Mutual.

3. Church Mutual first received the Petition through service to its registered agent CT Corporations Systems on September 3, 2019.

4.	Church Mutual thus files this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

## II.
## BASIS FOR REMOVAL

5.	Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is located in this District.

6.	Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

**A.	Removal is Proper Because Complete Diversity of Citizenship Exists Between Islamic Society and Church Mutual.**

7.	Islamic Society was, at the time this lawsuit was filed and on the date this Notice of Removal was filed, incorporated in the State of Texas with its principal place of business in Houston, Texas. Plaintiff is therefore a citizen of Texas for purposes of diversity jurisdiction.

8.	Defendant Church Mutual was, at the time this lawsuit was filed and on the date this Notice of Removal was filed, an insurance company incorporated in the State of Wisconsin with its principal place of business in Merrill, Wisconsin. Church Mutual is thus a citizen of Wisconsin for purposes of diversity jurisdiction. Church Mutual is not a citizen of the State of Texas.

9.	Because Islamic Society is a citizen of Texas and Church Mutual is a citizen of Wisconsin, complete diversity exists between Islamic Society and Church Mutual, now and on the date Islamic Society filed this lawsuit.

**B.	Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

10.	If it is facially apparent that Islamic Society's claims in this suit exceed $75,000,

exclusive of interest, costs, and attorney's fees, and Defendant's burden to establish the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[1]

11. Here, the Petition states that Islamic Society "seeks monetary relief over $200,000, but not more than $1,000,000."[2] It is thus facially apparent that Islamic Society's claims exceed this Court's jurisdictional threshold of $75,000.

### III.
### CONCLUSION

12. Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, removal of this action is proper under 28 U.S.C. § 1332(a).

13. As required by 28 U.S.C. § 1446(a), and Local Rule 81, a copy of each of the following are attached to (or filed with) this Notice:

    a.    an index of matters being filed, attached as **Exhibit A;**

    b.    the state court docket sheet, attached hereto as **Exhibit B**;

    c.    service of process on Defendant, attached hereto as **Exhibit C**;

    d.    pleadings asserting causes of action, attached hereto as **Exhibit D**;

    e.    list of all counsel of record, including addresses, telephone numbers and parties represented, attached as **Exhibit E**.

14. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

WHEREFORE, Defendant Church Mutual Insurance Company requests that this action be removed from the 80th Judicial District Court of Harris County, Texas, to the United States

---

[1] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[2] *See* Plaintiff's Original Petition ¶ 4.

District Court for the Southern District of Texas, Houston Division, and that this Court enter such further orders as may be necessary and appropriate.

        Respectfully submitted,

By: */s/ G. Brian Odom*
    G. Brian Odom
    (Attorney-in-Charge)
    Texas Bar No. 50511840
    Southern District Bar No. 24591
    bdodom@zelle.com
    Lindsey P. Bruning
    Texas Bar No. 24064967
    Southern District of Texas No. 997691
    lbruning@zelle.com

**ZELLE LLP**
901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:   214-742-3000
Facsimile:   214-760-8994

**ATTORNEYS FOR CHURCH MUTUAL INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

 A true and correct copy of the forgoing has been served on the following counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on September 25, 2019:

Andrew Taylor
State Bar No. 24070723
ataylor@dalyblack.com
Richard D. Daly
State Bar No. 00796429
rdaly@dalyblack.com
 DALY & BLACK, P.C.
2211 Norfolk St., Suite 800
Houston, TX  77098
Telephone: 713-655-1405
Facsimile: 713-655-1587
***Attorneys for Plaintiff Islamic Society of Greater Houston Incorporated***

           */s/ G. Brian Odom.*
           G. Brian Odom